
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
WILLIAM ACKERMAN,

    Plaintiff,

- against -                                   **COMPLAINT**

BETH ISRAEL CEMETERY ASSOC.,      CV-06-1125

    Defendant.

------------------------------------------------------x     VITALIANO, J.

Plaintiff, **WILLIAM ACKERMAN**, by and through his attorneys, **THOMAS F. BELLO, ESQ., P.C.**, complaining of the Defendant, hereby alleges as follows:

### PRELIMINARY STATEMENT

1. This action arises from unlawful employment discrimination by the Defendant against the Plaintiff on the basis of the Plaintiff's disability in violation of Title II of the Americans with Disabilities Act, and in violation of the Family and Medical Leave Act of 1993 ("FMLA").

2. Specifically, the Plaintiff alleges that the Defendant wantonly, recklessly, knowingly and purposefully sought to and did deprive plaintiff of employment, position, title and pay through discrimination, misrepresentation, and abuse and manipulation of laws rules and regulations.

3. Said acts were done knowingly, with the consent and condonation of the Defendant with the intended and expressed purpose of punishing, silencing, isolating, removing and violating the rights of plaintiff as protected by statutes, rules and regulations. Said activity was known to officials, directors, supervisors and policy makers and was accepted and supported as policy, practice and custom.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331. This action properly lies in the United States District Court, Eastern District of New York in that the Plaintiff is a resident of this District.

## PARTIES

5. Plaintiff is a resident of the State of New York, Borough of Staten Island.

6. Upon information and belief, at all times hereinafter mentioned, Defendant Beth Israel Cemetery Assoc. was and still is an agency duly organized and existing by virtue of the laws of the State of New York and New Jersey having a place of business located at U.S. Highway No. 1, Post Office Box 706, Woodbridge, New Jersey.

## FACTUAL ALLEGATIONS

7. Plaintiff is a male.

8. Plaintiff was employed by Respondent since on or about September 5, 2000 until his untimely termination on or about October 16, 2005.

9. Plaintiff held the position of Grounds Keeper.

10. Throughout his tenure with Defendant, Plaintiff performed his duties in an exemplary fashion.

11. On or about June 16, 2005, Plaintiff went to a heart specialist and was advised that he needed to have a procedure done.

12. Plaintiff, on that same day advised the Defendant of this and provided a doctor's note which explained that he would be out of work for a period of time.

13. Defendant supplied the Plaintiff with FMLA forms which gave a return date of September 8, 2005.

14. Plaintiff contacted his supervisor, Keith Smith to question the return date because he was unsure at that time if he would be returning to work by September 8, 2005.

15. Mr. Smith advised the Plaintiff that he would get back to him regarding his inquiry. Subsequent to that conversation another supervisor, Barry advised Plaintiff that there was "no problem" going past the return date listed. He further advised Plaintiff that he would just need to provide a doctor's note indicating the anticipated return date.

16. After having the procedure, Plaintiff periodically contacted his supervisor to advise him of Plaintiff's progress. Further, Plaintiff advised the Defendant that he may possibly need to have a pacemaker in the future. Plaintiff was never informed that his position with the Defendant was in jeopardy.

17. On or about October 11, 2005 Plaintiff received notification from his physician that he could return to work.

18. On or about October 13, 2005 Plaintiff personally delivered the note to the Defendant which indicated that he could return under modified duty.

19. On or about October 14, 2005, Plaintiff received a certified letter from the head supervisor, Mr. John Messar advising him that his position with the Defendant had been filled. The letter further stated that the Plaintiff could apply for another position with a doctor's note.

20. On or about Sunday, October 16, 2005 Plaintiff spoke with Mr. Smith in person and Mr. Smith advised the Plaintiff that his position was filled. He further stated that there wasn't anything he could do about it and that was the company's ruling.

21. Mr. Smith further advised the Plaintiff that he didn't understand why Plaintiff couldn't return to work, because another employee, Shaun Campbell, who was employed by the Defendant for several months, returned to work after being out for ten (10) months after an automobile accident.

22. On or about October 17, 2005, Plaintiff contacted Mr. Messar about the letter and was advised that the Defendant did not have any positions available for an employee on modified duty or who needed a pacemaker. Further, Mr. Messar at this time advised the Plaintiff that he went over the FMLA time limit.

23. Plaintiff advised Mr. Messar that his supervisors, Keith Smith and Barry advised him that there wouldn't be a problem going past the time limit as long as he provided a doctor's note.

24. Mr. Messar then advised the Plaintiff that he "didn't care" what the supervisors had told the Plaintiff and that there was no position for him and that he should find another job.

25. Upon information and belief the Defendant filled Plaintiff's position while he was out on medically approved leave and hence changed the terms of his employment.

26. Upon information and belief, Defendant's actions violate the Family and Medical Leave Act of 1993.

## AS AND FOR A FIRST CAUSE OF ACTION

27. Plaintiff repeats and alleges each and every allegation contained in paragraphs 1. through 26.

28. Plaintiff was at all times material hereto an employee covered by Title II of the Americans with Disabilities Act, prohibiting discrimination in employment on the basis of disability.

29. At all times material hereto, Defendant was an employer within the meaning of Title II of the Americans with Disabilities Act, and as such was prohibited from discriminating in employment decisions on the basis of a disability.

30. Defendant discriminated against plaintiff in violation of Title II of the Americans with Disabilities Act by failing to allow Plaintiff to return to work, effectively terminating him. Defendant has tarnished Plaintiff's personal and professional reputation and credibility by their actions.

31. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer physically, loss of employment benefits, severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

32. As a result of Defendant's acts Plaintiff suffered and is entitled to compensatory damages sustained to date and continuing in excess of $10,000,000.00, as well as costs and reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats and alleges each and every allegation contained in paragraphs 1. through 32..

34. The Defendant's actions by filling Plaintiff's position while Plaintiff was a covered employee on a medically approved leave violates the Family and Medical Leave Act of 1993 ("FMLA").

35. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

36. The conduct of Defendant was outrageous, was done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure Plaintiff, was with an improper motive amounting to malice and spite caused by bias and was done in conscious disregard of Plaintiff's rights.

## JURY TRIAL DEMAND

37. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

**A. DAMAGES**

**On the all Causes of Action Plaintiff seeks relief as follows:**

Back pay, Front pay, difference in pension benefits and any other retroactive privileges of employment Plaintiff would have incurred if he would have been employed by Defendant;

- Compensatory damages for professional humiliation, embarrassment and emotional distress in the amount of Two Million ($2,000,000.00) Dollars;

- Punitive damages

B. An award of attorneys' fees, costs and disbursement of this action;

C. Any and other relief which this Court deems just and proper.

Dated: December 5, 2005
Staten Island, New York

Yours, etc.,

**THOMAS F. BELLO, ESQ., P.C.**
Attorneys for Plaintiff

By _____
Thomas F. Bello, Esq. (TFB 1625)
2 Green Street, Second Floor
Staten Island, NY 10310
(718) 981-9191

TO: Beth Israel Cemetery Association
U.S. Highway No. 1
Post Office Box 706
Woodbridge, New Jersey 07095